**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LANE R. JUBB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY M. KOLMAN AND KOLMAN | : | |
| ELY, P.C. AND JOYDEEP BOSE | : | |
| | : | No. 456 EDA 2023 |
| | : | |
| APPEAL OF: TIMOTHY M. KOLMAN | : | |
| AND KOLMAN ELY, P.C. | : | |

Appeal from the Order Entered January 18, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210100970

BEFORE: DUBOW, J., STABILE, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 23, 2024**

Appellants, Timothy M. Kolman and Kolman Ely, P.C. (collectively "Kolman"), appeal from the January 18, 2023 entry of judgment following a jury verdict in favor of Appellee, Lane R. Jubb ("Mr. Jubb"), in this Dragonetti action. Kolman challenges the denial of its post-trial motion to set aside the verdict in Mr. Jubb's favor. After careful review, we affirm.

The facts and procedural history are, briefly, as follows. On January 14, 2021, Mr. Jubb filed a complaint raising two counts of wrongful use of civil proceedings pursuant to the Dragonetti Act, 42 Pa.C.S. § 8351, *et seq*, against

Kolman and Joydeep Bose.[1] Following a three-day trial, the jury returned a verdict in Mr. Jubb's favor, concluding that Kolman had continued the underlying lawsuit (1) for an improper purpose and (2) in a grossly negligent manner or without probable cause. Notwithstanding the verdict in Mr. Jubb's favor, the jury awarded Mr. Jubb no damages against Kolman.[2]

All parties filed for post-trial relief. Relevantly, in their August 26, 2022 post-trial motion, Kolman asserted that the jury's award of zero damages against Kolman demonstrated that Mr. Jubb did not meet his burden of proving that he suffered damages from Kolman's conduct. They concluded, therefore, that because Mr. Jubb failed to prove each element of a Dragonetti claim, the jury's verdict cannot stand. Kolman further argued that "a verdict with no damages does not constitute a verdict in favor of [Mr. Jubb]" and, thus, the verdict "must be recorded as a judgment in favor of [Kolman], and not a judgment in favor of [Mr. Jubb]. Post-Trial Motion, 8/26/22, at 3-4. Kolman

---

[1] Kolman represented the plaintiff, Joydeep Bose, in the underlying lawsuit, ***Bose v. Lane's Valley Forge Aviation, Inc., et al.***, 2:16-cv-03924 (E.D.Pa. 2016), in which Jubb was a named defendant. The lawsuit resolved in Mr. Jubb's favor when the district court dismissed it with prejudice as a sanction for Kolmans' repeated and willful discovery violations including the failure to comply with five court orders and to make Mr. Bose available for his deposition.

[2] Mr. Bose did not appear at trial and the trial court entered a default judgment against him. The jury awarded Mr. Jubb $35,000 in punitive damages against Mr. Bose. In an apparent typographical error, however, the January 18, 2023 judgment reflects entry of $30,000 judgment against Mr. Bose. Mr. Bose has not filed an appeal from the entry of judgment against him and is not a participant in this appeal.

requested the trial court enter an order directing the entry of judgment in their favor.

The trial court took no action on the parties' post-trial motions, and, on January 18, 2023, Appellee filed a *praecipe* for entry of judgment in his favor.[3]

This timely appeal followed. Both Kolman and the trial court complied with Pa.R.A.P. 1925.

**A.**

Kolman raises the following issue on appeal:

Did the trial court err in entering [j]udgment in favor of [Mr. Jubb] and against [Kolman] when the jury awarded [Mr. Jubb] no damages against [Kolman]?

Kolman's Brief at 4.

Kolman claims that they are entitled to entry of judgment in their favor because liability under the Dragonetti Act requires proof that the plaintiff suffered damages, and the jury awarded Appellee no damages.

The Dragonetti Act codifies the tort of wrongful use of civil proceedings, which "arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa. Super. 2002). The Act provides as follows:

(a) Elements of action. - A person who takes part in the procurement, initiation or continuation of civil proceedings against

---

[3] Subsequently, on February 10, 2023, the trial court entered orders denying each of the post-trial motions as moot in light of the January 18, 2023 entry of judgment pursuant to Pa.R.Civ.P. 227.4(1)(b).

another is subject to liability to the other for wrongful use of civil proceedings:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351(a)(1)-(2) (emphasis added).

With respect to the damages available to a plaintiff who has established

the "essential elements" of a Dragonetti claim, the Act further provides that:

**When the essential elements** of an action brought pursuant to this subchapter **have been established as provided in [S]ection 8351** . . . the plaintiff is entitled to recover for the following:

(1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels[,] or other things, suffered by him during the course of the proceedings.

(2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees, that he has reasonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

*Id.* at § 8353 (emphasis added).

Pursuant to the Act, the plaintiff has the burden of proving that

(1) The defendant has procured, initiated or continued the civil proceedings against him.

2) The proceedings were terminated in his favor.

3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in [S]ection 8353 [].

*Id.* at § 8354.

In rejecting Kolman's claim that Mr. Jubb failed to meet his burden under the Dragonetti Act because the jury concluded that Mr. Jubb was not entitled to compensatory or punitive damages, the trial court relied on ***Miller v. St. Luke's Univ. Health Network***, 142 A.3d 884 (Pa. Super. 2016). In ***Miller***, as here, the jury found that the defendants did not have probable cause to initiate or continue the underlying lawsuit or continued the underlying lawsuit primarily for an improper purpose. ***Id.*** at 888. Nevertheless, the jury also found the plaintiffs suffered no damages. ***Id.*** The trial court entered judgment in favor of the plaintiffs in accordance with the verdict and the parties filed cross-appeals. ***Id.*** at 889.

The ***Miller*** Court considered the interplay of Sections 8151, 8153, and 8154 of the Dragonetti Act and concluded that the Act does not require that a plaintiff prove damages in order to prevail on his claim. ***Id.*** at 895-96. The Court expressly rejected the same claim Kolman advances here—that Section 8154 requires a plaintiff to prove that he suffered damages as enumerated in Section 8153 in order to establish all requisite elements of a wrongful use of

civil proceedings action. *Id.* at 896. Rather, the *Miller* court explained that Section 8151 "unambiguously provides" that a claim brought under the Dragonetti Act has three elements. *Id.* at 895. Acknowledging that Section 8354 of the Act also includes as an additional factor—proof that the plaintiff suffered damages—the Court explained that the Dragonetti Act contemplates a "bifurcated, two-phase action" requiring the plaintiff to first establish the defendant's liability by proving the elements of the tort set forth in Section 8351, and then prove that he "actually suffered one or more of the damages for which the statutory scheme entitles recovery." *Id.* Applying this framework to the facts of *Miller*, the court concluded that the lower court's entry of judgment was proper because the jury found that the plaintiff had satisfied each of the essential elements of his claim and that it was "nevertheless, the jury's prerogative to find [plaintiffs] failed to prove they suffered damages—as is required under a separate part of the Act—as a result of [the defendants'] tortious conduct." *Id.* at 896.

Following our review, we find that the trial court properly applied the holding in *Miller*, and we are bound by it. Accordingly, we conclude that the trial court did not err or abuse its discretion in refusing to enter judgment in Kolman's favor where, as in *Miller*, the jury found that Mr. Jubb had proven each of the "essential elements" set forth in Section 8351 of the Dragonetti Act but declined to find that Mr. Jubb had proven that he suffered compensable damages.

Order affirmed.

Judge Lane joins the memorandum.

Judge Stabile files a concurring statement.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024